**Electronically Filed
Intermediate Court of Appeals
30467
27-MAR-2013
10:05 AM**

NO. 30467

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DONNA THOMAS, Plaintiff-Appellant,
v.
GERALD C. STERNS; STERNS, WALKER & LODS;
GERALD C. STERNS, PROFESSIONAL CORPORATION;
STERNS AND WALKER; LAW OFFICES OF STERNS
AND WALKER, A PARTNERSHIP; and DOES 1-100,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CIVIL NO. 09-1-0276)

MEMORANDUM OPINION
(By: Reifurth and Ginoza, JJ., with
Leonard, Presiding Judge, concurring separately)

Plaintiff-Appellant Donna Thomas ("Thomas") appeals from the April 16, 2010 Final Judgment[1] and the March 29, 2010 Order Granting Defendants Gerald C. Sterns; Sterns, Walker & Lods; Gerald C. Sterns, Professional Corporation; Sterns and Walker; Law Office of Sterns and Walker, a Partnership's Motion to Dismiss Filed October 2, 2009 ("Order Granting Motion to Dismiss") entered in the Circuit Court of the Third Circuit ("Circuit Court").[2] The Circuit Court dismissed Thomas's legal-malpractice claims against Defendants-Appellees Gerald C. Sterns ("Sterns"); Sterns, Walker & Lods; Gerald C. Sterns, Professional Corporation; Sterns and Walker; and Law Offices of Sterns and Walker, a Partnership (collectively, "Defendants") and granted judgment to the Defendants because the claims were barred by the

---

[1]    We note that the Circuit Court entered an Amended Final Judgment on August 23, 2010. No one appeals from the Amended Final Judgment, and we do not consider it here.

[2]    The Honorable Glenn S. Hara presided.

applicable statute of limitations.

On appeal, Thomas contends that the Circuit Court erred in holding that her legal-malpractice claims did not accrue for statute-of-limitations purposes until the conclusion of the appellate process that she initiated following the April 3, 2003 adverse decision of the Hawai'i Labor and Industrial Relations Appeals Board ("LIRAB").

We affirm.

I.   BACKGROUND

A.   Factual and procedural background to the Complaint

Thomas alleges that on or about March 3, 1995, Sterns agreed to represent Thomas in connection with repetitive stress injuries that Thomas sustained working as a secretary and office manager.  Thomas had already sought and received reimbursement from a workers' compensation claim stemming from her injuries in 1988.  Among other things, Sterns agreed to reopen Thomas's workers' compensation claim.  Sterns advised Thomas that "the statute of limitations for reopening a workers' compensation claim was ten years, i.e., that the claim would lapse in 1998."

Thomas further alleges that on or around July 10, 1997, Defendants discovered that the limitations period for reopening a workers' compensation claim "had changed to eight years (i.e., not ten as Defendant Sterns believed), and that the deadline for [Thomas's] claim had lapsed sometime in 1996."  Soon after this discovery, Sterns withdrew as counsel for Thomas but never informed her that the limitations period for bringing her workers' compensation claim had lapsed.

On May 28, 1998, Thomas filed a request to reopen her workers' compensation case with the Director of the Hawai'i Department of Labor and Industrial Relations ("Director").  The Director denied Thomas's request on the basis that it was not filed within eight years of the last payment of compensation as required by Hawaii Revised Statutes ("HRS") § 386-89.  On April 3, 2003, the LIRAB affirmed the Director's decision. *Thomas v. Law Offices of J.T. Thomas*, No. AB 2001-219(M)(7-88-04491)(Hilo), 2003 WL 21076040 (Haw. LIR App. Apr. 3, 2003).

Thomas appealed to this court from the LIRAB's decision. We affirmed, holding that "Claimant's request [to reopen her claim] was barred by HRS § 386-89(c)," which required that she reopen her claim "within eight years after the last payment of compensation on account of her June 1988 injury[.]" *Thomas v. Law Offices of J.T. Thomas*, No. 25795, 2006 WL 2338043, *2 (Haw. Ct. App. Aug. 11, 2006) (SDO) ("*Thomas I*"). Since Thomas received her final workers' compensation payment on December 29, 1988, the deadline for reopening her claim had been December 29, 1996.

Finally, Thomas applied to the Hawaiʻi Supreme Court for a writ of certiorari on September 11, 2006. The supreme court rejected the application by an order dated October 24, 2006.

B.   Thomas's Complaint and Defendants' Motion to Dismiss

On July 28, 2009, Thomas filed her Complaint in the Circuit Court. The Complaint asserted three legal-malpractice counts and one unfair-and-deceptive-trade-practices count against Defendants based on Defendants' alleged failure to act to reopen Thomas's workers' compensation claim in the twenty-two months before the statute-of-limitations period on her claim lapsed.

On October 2, 2009, Defendants filed a motion to dismiss ("Motion to Dismiss") pursuant to Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 12(b)(6), arguing that Thomas's claims were barred by the six-year statute of limitations in Hawaii Revised Statutes ("HRS") § 657-1.[3/] Defendants argued that Thomas knew or should have known that her work-injury claims were

---

[3/]   HRS § 657-1 states, in part:

The following actions shall be commenced within six years next after the cause of action accrued, and not after:

(1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A;

. . . .

HAW. REV. STAT. § 657-1 (1993).

barred at least as of April 3, 2003, meaning that her cause of action accrued more than six years prior to the July 28, 2009 filing of the Complaint.

In opposition to the Motion to Dismiss, Thomas argued that the six-year limitations period "did not accrue and was tolled during the pendency of the appeal process" of [Thomas I], the period, she argued, between the April 3, 2003 LIRAB decision and January 22, 2007, when Thomas's "right to appeal to the U.S. Supreme Court expired." Referencing Scott v. Henriques, 20 Haw. 370 (Haw. Terr. 1911), for the proposition that "no action lies on a judgment pending appeal[,]" Thomas argued that before January 22, 2007, the injury suffered as a result of the alleged malpractice was inchoate because the LIRAB decision was not final. Thomas also argued, as she does now on appeal, that she could have been liable to Defendants for malicious prosecution if the LIRAB decision had been reversed and that Sterns fraudulently concealed his malpractice from Thomas.

C.   Memorandum of Decision, Order Granting Motion to Dismiss, and Final Judgment

On March 11, 2010, the Circuit Court filed a Memorandum of Decision on Defendants' Motion to Dismiss, Filed on October 2, 2010, in which the court concluded that the statute of limitations for Thomas's malpractice action began to run on April 3, 2003, and that appellate review of the LIRAB decision did not toll the limitations period. The Circuit Court distinguished Henriques on the grounds that the case involved a statute that automatically stayed execution of or action on a judgment pending appeal, whereas Thomas's appeal from the LIRAB decision was subject to HRS § 91-14(c), which "clearly state[s] that there is no stay of an agency decision unless the court hearing the appeal orders a stay." The Circuit Court concluded that "[t]here was no legal impediment for [Thomas to file] a malpractice claim after the Appeals Board decision was rendered and an appeal to that decision noticed."

The Circuit Court entered its Order Granting Motion to Dismiss on March 29, 2010, and its Final Judgment on all claims in favor of Defendants on April 16, 2010. This appeal followed.

4

II.  STANDARD OF REVIEW

"We review a trial court's ruling on a motion to dismiss under HRCP Rule 12(b)(6) *de novo.*"  *Justice v. Fuddy*, 125 Hawai'i 104, 107, 253 P.3d 665, 668 (App. 2011).

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  We must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory.  For this reason, in reviewing a circuit court's order dismissing a complaint, our consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true.

*Id.* at 107-08, 253 P.3d at 668-69 (quoting *In re Estate of Rogers*, 103 Hawai'i 275, 280-81, 81 P.3d 1190, 1195-96 (2003)) (internal brackets omitted).

III. DISCUSSION

A.  Conditions of our review

A motion to dismiss the complaint on the grounds that the cause of action is barred by a statue of limitations is treated as an HRCP Rule 12(b)(6) motion to dismiss for failure to state a claim and can be granted when the validity of the affirmative defense "is apparent from the face of the pleading." *See Office of Hawaiian Affairs v. State*, 110 Hawai'i 338, 364, 133 P.3d 767, 793 (2006) (quoting *Romero v. Star Mkts., Ltd.*, 82 Hawai'i 405, 416, 922 P.2d 1018, 1029 (App. 1996)).  Here, however, the Circuit Court relied upon documents outside of the complaint in granting the motion.[4]

The Circuit Court did not specify whether it granted Defendants' motion to dismiss pursuant to HRCP Rule 12(b)(6) or whether the motion was converted to one for summary judgment, and we were not provided with a transcript of the hearing at which the court may have explained its thinking.  *See* Haw. R. Civ. P.

_____

[4]  We know this because the Circuit Court found that "the statute of limitation for the malpractice action . . . started to run on April 3, 2003, the date of the [LIRAB] decision," despite the fact that the date of the entry of the LIRAB decision is not alleged in the Complaint.  Instead, the date of the LIRAB decision is found in various exhibits attached to Defendants' motion to dismiss, including a copy of our summary disposition order in *Thomas I.*

12(b) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"). Neither party objected to the Circuit Court's treatment of the matter and both parties agree that we should apply HRCP Rule 12 on appeal.

We hold that it was proper for the Circuit Court to consider extraneous documents in ruling on the Motion to Dismiss in this case because the date of the LIRAB decision is found in our order in *Thomas I*, which Thomas referred to in the Complaint. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (no conversion if document referred to in the complaint); *cf. Ellis v. Crocket*, 51 Haw. 45, 55, 451 P.2d 814, 821 (1969) (holding that collateral estoppel is properly raised under HRCP Rule 12(b)(6) where it "appears from the face of the complaint or from the taking of judicial notice or prior interrelated proceedings which are alluded to in the complaint").

Therefore, our task is to examine whether Thomas states a claim upon which relief can be granted. As such, the question is whether the allegations of the Complaint coupled with the exhibits attached to Defendants' Motion to Dismiss that were referred to in the Complaint establish that Thomas's legal-malpractice claim is barred by the statute of limitations.[5]

B.   Distinguishing "accrual" from "tolling"

We begin by noting that Thomas's arguments appear in places to conflate the concepts of accrual and tolling. When a cause of action "accrues," statute-of-limitation time periods begin to run. *See* HAW. REV. STAT. § 657-1 (1993); *Vidinha v. Miyaki*, 112 Hawaiʻi 336, 341, 145 P.3d 879, 884 (App. 2006). Once the statute of limitations begins to run, tolling stops its

---

[5]   Defendants objected to Thomas's opening brief, arguing that it did not comply with Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 28(b). As Thomas's point of error challenges a trial court's ruling on a motion to dismiss, we will not dismiss Thomas's appeal for failure to comply with HRAP Rule 28(b)(3) and (4) because the record is small and it is obvious where the error was thought to have occurred and where that alleged error was brought to the court's attention. Therefore, we address the merits of Thomas's arguments.

running. *See* Bryan A. Garner, <u>A Dictionary of Modern Legal Usage</u> 884 (2d ed. 1995) ("In the context of time limits—esp. statutes of limitation—toll means 'to abate' or 'to stop the running of (the statutory period).'").

Thomas's point of error states that the Circuit Court erred in holding that the limitations period for her legal-malpractice claims was not *tolled* during the pendency of appeal from the adverse decision of the LIRAB. Her first argument, however, is that her claim could not *accrue* until the LIRAB decision was "final and conclusive"—that is, until the completion of the appellate process. *See* HAW. REV. STAT. § 386-88 (Supp. 2010). We will address the substance of Thomas's first argument: that her legal-malpractice claim did not accrue until the appellate process stemming from her underlying workers' compensation claim concluded.[6/]

     C.    Thomas's legal-malpractice causes of action accrued, at the latest, upon issuance of the LIRAB's Decision and Order and did not thereafter toll

Claims falling under HRS § 657-1 "shall be commenced within six years next after the cause of action accrued, and not after[.]" HAW. REV. STAT. § 657-1. Because HRS § 657-1 is the applicable statute of limitations for legal-malpractice claims in Hawai'i, *see Higa v. Mirikitani*, 55 Haw. 167, 172-73, 517 P.2d 1, 4-6 (1973), a legal-malpractice claim must be brought within six years of the accrual of the cause of action.

The accrual of a legal-malpractice claim in Hawai'i is determined by application of the discovery rule. *Blair v. Ing*, 95 Hawai'i 247, 264, 267, 21 P.3d 452, 469, 472 (2001). As a result, the statute of limitations on a legal-malpractice claim does not accrue until the plaintiff discovers, or should have reasonably discovered, facts sufficient to establish: that "(1)

---

[6/]    Thomas's second argument is that Defendants' fraud and concealment "toll[ed] the limitations period." Even if Defendants' fraud and concealment was on-going, however, the underlying facts became an unquestioned matter of public record at the time of the LIRAB's April 3, 2003 decision. Because we conclude below that Thomas's malpractice claim accrued at least by April 3, 2003, any fraud or concealment could neither have tolled the limitations period nor delayed the accrual of her malpractice claims beyond that date. Consequently, we focus our attention on Thomas's first argument.

the parties had an attorney-client relationship, (2) the defendant committed a negligent act or omission constituting breach of that duty, (3) there is a causal connection between the breach and the plaintiff's injury, and (4) the plaintiff suffered actual loss or damages." *Thomas v. Kidani*, 126 Hawai'i 125, 129, 267 P.3d 1230, 1234 (2011).

Thomas argues that Defendants' negligence did not cause actionable injury until there was a final judicial determination that her application to reopen her workers' compensation case was denied because of the statute of limitations because, until that point, any injury was inchoate and she could not, therefore, "discover" the injury. Our analysis is complicated by the fact that case law on this subject varies greatly from jurisdiction to jurisdiction. *See* 3 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 23:12, at 457 (2011 ed.) [hereinafter "Legal Malpractice"] ("Although the courts continue to address the various issues involving the determination of when injury and damage occurs for the purposes of the accrual of a statute of limitations, the inconsistency between and, even within, jurisdictions underscores the need for careful analysis."). Because of these variations, we look to Ronald E. Mallen and Jeffrey M. Smith's ("Mallen and Smith") treatise, Legal Malpractice, which the Supreme Court repeatedly cited in *Blair*, for assistance.

Mallen and Smith identify four alternative dates that might be used to measure when the injury occurs in a legal malpractice case involving counsel's failure to file a timely claim: (i) when the underlying action was barred; (ii) when the opposing party raises the statute of limitations defense; (iii) when the underlying action is dismissed; or (iv) when an appeal is concluded. 3 Legal Malpractice § 23:12, at 430. In this case, the underlying action was barred on December 30, 1996;[2/] the fact that the statute of limitations barred reopening of the case was brought to Thomas's attention no later than April 3,

---

[2/]     Thomas received her final workers' compensation payment on December 29, 1988.

2003;[8] the underlying action was dismissed no later than April 3, 2003;[9] and the appeal was concluded on October 24, 2006, when the Hawai'i Supreme Court filed its order denying certiorari review of our decision in the underlying case.[10] Mallen and Smith argue in favor of the first alternative, but recognize merit in the third. Thomas champions the fourth alternative.

Noting that the remedy is lost in a failure-to-file case because of the bar of the statute of limitations, Mallen and Smith argue that "[t]he injury occurred when the client's action was legally subject to dismissal, rather than the actual, but fortuitous, date of dismissal." *Id*. at 430-31. Still, they recognize that the dismissal by the court "can be a critical event in a discovery rule jurisdiction because it provides notice that a client otherwise may not have." *Id*. at 431. In certain cases, the client might not be able make a damage claim until the action was dismissed, although Mallen and Smith observe that the client can establish in the legal-malpractice action that the claim was barred, even without a dismissal. *Id*.

Mallen and Smith cite to numerous jurisdictions that apply the first and third alternative dates in failure-to-file cases, but none in support of the fourth, conclusion-of-the-appeal, alternative. 3 Legal Malpractice § 23:12, at 430-36. "An action barred by a statute of limitations need not first be pursued through futile litigation before a legal malpractice is brought. The injury occurred when the client's action was legally subject to dismissal, rather than the actual, but

---

[8]      The Circuit Court found that "the statute of limitation for the malpractice action . . . started to run on April 3, 2003, the date of the [LIRAB] action." Therefore the fact of the statute and its effect was brought to Thomas's attention no later than that date.

[9]      Arguably, the underlying action was dismissed when the Director first denied Thomas's request to re-open her workers' compensation claim on May 21, 2001, but as the administrative process did not terminate until the LIRAB issued its decision, we will use that date as representing the latest date by which the underlying action was dismissed.

[10]      Thomas contends that the appeal was only truly concluded on January 22, 2007, when she claims her "right to appeal" to the U.S. Supreme Court expired. Thomas, however, had no right to appeal to the U.S. Supreme Court.

fortuitous, date of dismissal." *Id.* at 430-31. If the rule were otherwise, the client would never suffer an injury until a subsequent attorney filed a new lawsuit to assert a "facially groundless claim," a matter solely within the client's control. *See Wesson v. McCleave, Roberts, Shields & Green*, 810 So. 2d 652, 661 (Ala. 2001) (Lyons, J., concurring) (noting the distinction between malpractice claims that arose in an on-going action and were therefore incapable of determination until a finding was made by a jury or a ruling by a trial or appellate court versus claims that arose outside the litigation).

In this case, Thomas suffered actual injury on April 3, 2003, the date the LIRAB held that Thomas's request to reopen was barred as untimely due to a lapsed statute of limitations. "[M]ost courts have concluded that a cause of action for presently identifiable damages is not suspended pending an appeal or motion by the injured party." 3 <u>Legal Malpractice</u> § 23:12, at 436 ("an existing injury does not disappear or become suspended, while a more final adjudication of the result is sought"); *see also Adams v. Paul*, 904 P.2d at 1211 n.4 (Cal. 1995) (plurality opinion) (actual injury not conditioned on "irremediability"); *cf. Office of Hawaiian Affairs v. State*, 110 Hawai'i at 361 n.21, 133 P.3d at 790 n.21 (in the personal-injury context, "the statute of limitations begins to run when at least some damage is suffered and not when the full development of damages occurs or the ultimate effect of the breach of duty is known").[11]

---

[11] Thomas cites to *Scott v. Henriques*, 20 Haw. 370 (Haw. Terr. 1911) for the proposition that "it has been long settled[] that a limitations period is tolled pending completion of an appeal process." Thomas, however, overstates *Scott's* holding. *Scott* stands for the proposition that the statute of limitations on a collections action based on an underlying judgment did not run during an appeal from the underlying judgment because a plaintiff could not levy execution on that judgment pursuant to the statutes in effect at that time.

A legal-malpractice claim is unlike an entitlement to collect on an underlying judgment. The latter is governed by statutes (as evidenced in *Scott*) while the former is not. In addition, while the attorney's alleged failure to file here occurred prior to and <u>independent</u> of the underlying action (filing to re-open Thomas's workers' compensation claim), the plaintiff's entitlement to collect in *Scott* was <u>dependent</u> on resolution of the underlying action (establishing the defendant's liability). Therefore, *Scott* is inapposite to this case. The bulk of the other cases cited by Thomas do not involve legal-malpractice causes of action or are foreign cases concerning attorney errors that occurred during the litigation of the underlying claim.

Applying discovery principles to this case, Thomas's legal-malpractice claim, *at the latest*, accrued on April 3, 2003, the date of the LIRAB's Decision and Order, because on that date Thomas had "knowledge of those *facts* which are necessary for an actionable claim before the statute begins to run." *See Hays*, 81 Hawai'i at 398, 917 P.2d at 725 (quoting *Yamaguchi*, 65 Haw. at 90 n.10, 684 P.2d at 694 n.10). As a failure-to-file legal-malpractice claim, Thomas's claim was not incohate until discretionary appeals on the underlying action were complete. Rather, Thomas necessarily discovered her entitlement to the legal-malpractice claim on or before April 3, 2003, and, therefore, her claim accrued at that point.

IV. CONCLUSION

We conclude that Thomas's claim for legal-malpractice accrued no later than April 3, 2003, and that the six year statute of limitations set out in HRS § 657-1 was not tolled during the pendency of Thomas's subsequent appeals of the underlying case to this court or the Hawai'i Supreme Court. Therefore, the April 16, 2010 Final Judgment and the March 29, 2010 Order Granting Motion to Dismiss are affirmed.

DATED: Honolulu, Hawai'i, March 27, 2013.

On the briefs:

David J. Gierlach and
Candace M. Kwon
for Plaintiff-Appellant.

Kenneth S. Robbins,
John-Anderson L. Meyer, and
Sergio Rufo
(Robbins & Associates)
for Defendant-Appellee.

Associate Judge

Associate Judge

11

CONCURRING OPINION BY LEONARD, PRESIDING JUDGE

I concur in the result based on *Blair v. Ing*, 95 Hawaiʻi 247, 264-67, 21 P.3d 452, 469-72 (2001).

Presiding Judge